# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KLEATUS McMANUS, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-19-597 |
| OFFICER GAITHER, | * | |
| SERGEANT LANE, and | | |
| LIEUTENANT PHILLIPS | * | |
| Defendants | * | |

***

# **MEMORANDUM**

This Court issued an Order requiring the finance officer at Eastern Correctional Institution ("ECI") to file a verified inmate account statement reflecting the average balance and deposits to the account of Kleatus McManus, plaintiff. ECF 3 The statement has been received and indicates a $.28 balance in the account. ECF 4. The initial partial payment shall therefore be waived, and Plaintiff's Motion for Leave to Proceed in Forma Pauperis (ECF 2) shall be granted.

Plaintiff filed this complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). This court also recognizes its obligation to liberally construe pleadings filed by self-represented litigants, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a Complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

Nonetheless, liberal construction does not mean that this court can ignore a clear failure in

the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

This Complaint presents a loss of personal property claim. Specifically, Plaintiff alleges that his family photos and other property were lost after they were placed in storage while he was in segregation housing. As relief, Plaintiff asks for $4,500 in damages.

A claim based on the deprivation of personal property is not actionable under 42 U.S.C. §1983 unless there is no adequate post-deprivation remedy available. *See Parratt v. Taylor*, 451 U.S. 527, 542 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Harris v. McMullen,* 609 Fed. Appx. 704, 705 (3d Cir. 2015*)* (unpublished). Sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt,* 451 U.S. at 540. The Supreme Court's holding also applies to intentional deprivations of property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post-deprivation remedy. *See Juncker v. Tinney*, 549 F.Supp. 574, 579 (D. Md. 1982). [1]

Therefore, the Complaint is subject to dismissal. An Order follows.

Date: April 10, 2019                              /s/
                                                  Ellen L. Hollander
                                                  United States District Judge

---

[1] Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker*'s reliance on *Parratt* in dismissing the plaintiff's due process claim.